UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| STEFFAN BUNCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DAVIDSON HOTEL COMPANY LLC, a foreign limited liability company,<br><br>Defendants. | No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff STEFFAN BUNCH ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, brings this Collective and Class Action lawsuit against Defendants Davidson Hotel Company LLC ("Defendants"), seeking to recover for Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Washington law. Plaintiff complains and alleges as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this lawsuit as a Collective and Class Action on behalf of himself and all similarly situated current and former hourly or non-exempt employees of Defendant who were denied proper payment for all hours worked and overtime compensation in violation of the FLSA and Washington law, and were denied meal and rest periods as prescribed by and pursuant to Washington law.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

2. Defendants violated Washington law by knowingly and willfully permitting Plaintiff and other similarly situated employees to perform overtime work without the proper compensation and/or remain on duty during meal and rest breaks. Defendants received value from the work performed by Plaintiff and other similarly situated employees, who worked in excess of eight hours a day, or more than forty hours in a workweek, without proper overtime compensation and who worked during meal and rest periods without proper compensation for their services.

3. Defendant's conduct further violated and continues to violate Washington law because the Washington Minimum Wage Act, ("MWA") Chapter 49.46 RCW, requires employers to pay hourly employees like Plaintiff and Class Members no less than the minimum wage for the first forty hours of work in a week and no less than one and one-half times the regular rate of pay for any hours worked in excess of forty in a week.

4. Defendants' conduct further violated and continues to violate Washington meal and rest period laws, Washington's prohibition on unlawfully withholding wages, and Washington's recordkeeping requirements.

5. Because Defendants' conduct violated and continues to violate Washington wage and hour laws, Defendants are liable for unpaid and exemplary wages as provided by Washington law, attorneys' fees and costs, and pre- and post-judgment interest.

## II. JURISDICTION AND VENUE

6. The FLSA authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions. *See* 29 U.S.C. § 216(b). The Court has original federal question jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims because the claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c). At all material times, Defendant has been actively conducting business in the State of Washington and resides in this judicial district.

## III. PARTIES

8. Plaintiff STEFFAN BUNCH is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the County of Spokane, Washington.

9. Plaintiff has been employed by Defendant or its predecessor as a sous chef since approximately May of 2016, excluding some periods of separation.

10. Plaintiff works for Defendant in Spokane, Washington.

11. Plaintiff is informed, believes, and thereon alleges that Defendant Davidson Hotel Company LLC is a foreign limited liability company headquartered in Atlanta, Georgia. Defendant is registered to conduct business in Washington, does conduct business in Washington, and employs and/or employed hourly, non-exempt employees, including Plaintiff and other similarly situated employees throughout the United States. Davidson Hotel Company LLC may be served with process by serving its registered agent, C T Corporation System, at 711 Capitol Way S, Ste 204, Olympia, WA, 98501-1267, United States.

12. Plaintiff is informed, believes, and thereon alleges that Defendant employs and/or employed Plaintiff and other similarly situated employees because Defendant, directly or indirectly, controls their employment terms, including the pay practices applicable to Plaintiff and other similarly situated employees.

13. Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendant, acting through its agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

14. Plaintiff is informed, believes, and thereon alleges that Defendant directly controls the operations of its agents, managers, and employees throughout all of its locations in the United States.

15. Plaintiff is informed, believes, and thereon alleges that Defendant, in some manner, intentionally, negligently, or otherwise, is responsible for the acts, omissions, occurrences, and transactions alleged herein.

16. At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

17. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

18. Plaintiff and other similarly situated employees were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

19. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA because Defendant had and continues to have employees engaged in commerce. *See* 29 U.S.C. § 203(s)(1).

20. Defendant is the employer of Plaintiff and other similarly situated employees because Defendant, directly or indirectly, controls the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

21. Here, Defendant has, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

22. In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are engaged in interstate commerce. Further, Defendant is engaged in interstate commerce since it provides hospitality services in partnership with various hotels across the country.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

23. At all material times, Plaintiff and other similarly situated employees were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

24. Defendant has been an employer within the meaning of the RCW 49.46.010(5), RCW 49.12.005(3), and their associated regulations.

25. Plaintiff and Class Members were and are employees of Defendant within the meaning of RCW 49.46.010(4), RCW 49.12.005(4).

## IV. FACTUAL ALLEGATIONS

26. Upon information and belief, Defendant is based out of Georgia and Washington.

27. Plaintiff is informed, believes, and thereon alleges that Defendant employs thousands of hourly, non-exempt workers similarly situated to Plaintiff throughout the United States.

28. Plaintiff has worked for Defendant as a Sous Chef at a location in Spokane, Washington.

29. Plaintiff is classified as a non-exempt employee and is paid a rate of approximately $24.95 per hour.

30. Plaintiff's weekly hours vary, but on average, Plaintiff works approximately forty-five to seventy hours per week, depending on the season. In fact, Defendant guaranteed Plaintiff 45 hours per week.

31. Plaintiff and other similarly situated employees' job duties involve, preparing food, managing the kitchen, communicating with front-of-house staff, invoicing, attending work-related meetings, and generally completing any additional tasks they are asked to perform.

32. Plaintiff and other similarly situated employees are unable to consistently take uninterrupted, regular meal breaks despite being forced to clock out for said "breaks" because they are frequently too busy to take their breaks on time, and, when they are on break, they are frequently interrupted to answer questions or perform job-related tasks. Plaintiff and similarly situated employees experience untimely or interrupted meal breaks approximately four times per week. Furthermore, Plaintiff and other similarly situated



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

employees whose shifts exceed ten hours are not offered a second meal break as required by WAC 296-126-092.

33. When Plaintiff and other similarly situated employees experience untimely or interrupted meal breaks, or do not receive these breaks at all, Defendant fails to pay them any additional form of compensation.

34. Defendant's policies and practices cause Plaintiff and other similarly situated employees to work without compensation because they are not paid for all time worked. For example, Plaintiff is frequently unable to take his lunch break, or must take it late, due to his heavy workload in the kitchen. While on a meal break, Plaintiff is expected to return to work, even if he has left the premises, if called back to perform job duties. This time spent working goes unrecorded and uncompensated even though it should be compensated at minimum wage and/or overtime rate under Washington law, giving rise to minimum and overtime wage violations.

35. Defendant's policies and practices are also in violation of Washington law because Defendant does not allow Plaintiff and other similarly situated employees a second meal break during shifts that exceed ten hours.

36. Missed meal break time is compensable under Washington law because WAC 296-126-092 requires that employees be allowed a meal period of at least 30 minutes which commences no less than two hours nor more than five hours from the beginning of the shift. *See* WAC 296-126-092(1). Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. *See id.* Furthermore, employees shall not be required to work more than five consecutive hours without a meal break. *See* WAC 269-126-092(2).

37. Plaintiff and other similarly situated employees are also unable to take uninterrupted, regular rest breaks, as they are frequently pressured not to take rest breaks due to heavy workload, and such, misses multiple rest breaks per week.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

38. Missed rest break time is compensable under Washington law because WAC 296-126-092 requires that employees be allowed a rest period of at least ten minutes on the employer's time for every four hours of work. *See* WAC 296-126-092(4). No employee shall be required to work more than three hours without a rest period. *Id*. Under Washington law, rest breaks may not be waived by employees. *See Pellino v. Brink's Inc.*, 164 Wn. App. 668, 688, 267 P.3d 383 (2011) (stating "employers have a duty to provide meal periods and rest breaks and to ensure the breaks comply with the requirements of WAC 296-126-092").

39. Employers have a "mandatory obligation" to both "provide" meal and rest breaks and "ensure" the breaks comply with the law. *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 519, 415 P.3d 224 (2018); *Brady v. AutoZone Stores, Inc.*, 188 Wn.2d 576, 584, 397 P.3d 120 (2017).

40. Defendant's actions are willful and were not based on a good faith and reasonable belief that its conduct complies with the FLSA and Washington law.

41. Plaintiff is informed, believes, and thereon alleges that Defendant utilizes and applies these pay policies and practices across the United States.

42. On information and belief, Plaintiff and other similarly situated employees report to locations owned, operated, or managed by Defendant to perform their jobs.

43. On information and belief, Plaintiff and other similarly situated employees perform their jobs under Defendant's supervision using materials and technology approved and supplied to them by Defendant.

44. On information and belief, Plaintiff and other similarly situated employees are required to follow and abide by Defendant's common work, time, and pay policies and procedures in the performance of their jobs.

45. On information and belief, at the end of each pay period, Plaintiff and other similarly situated employees receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

46. On information and belief, Defendant pays Plaintiff and other similarly situated employees on an hourly rate basis.

47. On information and belief, Defendant's unlawful conduct has been widespread, repeated, and consistent throughout Defendant's locations throughout the United States.

48. Defendant knows, or should know, that its policies and practices are unlawful and unfair.

49. Defendant's conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## V. COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

50. Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collective of similarly situated employees defined as follows:

> All current and former non-exempt, full-time hourly employees of Davidson Hotel Company, LLC throughout the United States that were paid for at least one (1) shift during the time period from three years prior to the filing of the complaint until resolution of this action (the "Collective").

51. Plaintiff, individually and on behalf of the other similarly situated persons defined above, ("Collective Members") seeks relief on a collective basis challenging Defendant's policies and practices of failing to properly pay for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from Defendant's records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

52. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of Collective Members.

53. The Collective Members are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

them to perform work without being paid the correct overtime rate in violation of the FLSA.

54. Plaintiff is a representative of the Collective Members and is acting on behalf of their interests as well as his own interests in bringing this action.

55. Plaintiff will fairly and adequately represent and protect the interests of the Collective Members. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

56. The similarly situated Collective Members are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

57. Plaintiff contemplates providing a notice or notices to all of the employees, as approved by the Court, to be delivered via United States Mail and other means. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA Collective Members who timely request inclusion in the collective.

## VI. FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

58. Plaintiff brings a class action under the Minimum Wage Act on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

59. The proposed class ("Washington Class" or "Class") is defined as:

> All current and former non-exempt, hourly employees of Davidson Hotel Company, LLC who worked for Defendants within the State of Washington at any time during the period from three (3) years preceding the filing of this Complaint to final Judgment.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

60. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

a. **Numerosity**: The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable. Upon information and belief there are hundreds, if not thousands, of putative Class Members.

b. **Commonality**: There are questions of law and fact common to Plaintiff and the putative Classes that predominate over any questions affecting only individual members of the putative Classes. These common questions of law and fact include, but are not limited to:

i. Whether Defendant fails to compensate Class Members at the appropriate overtime rate of pay in violation of the Washington law;

ii. Whether Defendant fails to provide Plaintiff and Washington Class Members with timely, accurate itemized wage statements in violation of Washington law;

iii. Whether “regular rate” under Washington law requires that this on-call pay be included in the employee’s regular rate, as mandated by 29 C.F.R. § 778.223, in the same manner as any payment for services, such as an attendance bonus, which is not related to any specific hours of work.

c. **Typicality**: Plaintiff’s claims are typical of the claims of the Washington Class. Defendant’s common course of conduct in violation of law as alleged herein has caused Plaintiffs and putative Class Members to sustain the same or similar injuries and damages. Plaintiff’s claims are thereby representative of and co-extensive with the claims of the Class.

d. **Adequacy of Representation**: Plaintiff is a member of the putative Class, does not have any conflicts of interest with other putative Class Members, and will



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

prosecute the case vigorously on behalf of the putative Classes. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

61. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed putative Class Members is not practicable, and questions of law and fact common to the Washington Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies, practices, or both. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

62. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Washington Class, which would establish incompatible standards of conduct for Defendant.

63. If each individual putative Class Member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial legal resources.

64. Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## VII. CAUSES OF ACTION

## FIRST CAUSE OF ACTION



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

**Failure to Pay Overtime**
**Pursuant to 29 U.S.C. §§ 201, et seq.**
**(Individually and on Behalf of the Collective Against Defendant)**

65. Plaintiff re-alleges and incorporates the foregoing as though fully set forth herein.

66. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. *See* 29 U.S.C. § 207(a)(1).

67. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. *See* 29 U.S.C. §§ 203(e); 207(a).

68. Defendant is a covered employer required to comply with the FLSA's mandates.

69. Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. *See* 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. *See* 29 U.S.C. § 211(c).

70. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendant, working throughout the United States.

71. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant acts willfully and knows or shows reckless disregard for whether the alleged conduct was prohibited by the FLSA.

72. Defendant acts neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. *See* 29 U.S.C. § 216(b).

73. As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime**
**Pursuant to RCW 49.46.130**
**(On Behalf of Plaintiff and the Washington Class Against Defendant)**

74. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

75. Pursuant to the Minimum Wage Act, Defendant is required to pay Plaintiff and Washington Class members one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a given workweek, when those wages were due, but willfully failed to do so at the appropriate rate. RCW 49.46.130(1).

76. RCW 49.46.090(1) states that:

> Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court. Any agreement between such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no defense to such action.

77. Plaintiff and Class Members are entitled to recover unpaid overtime under Washington Law because Defendants violated the MWA by not restoring Plaintiff and Class Members' time for their missed and interrupted meal breaks, rest breaks, or both, resulting in additional labor to Defendant's benefit without compensation to the employee. This



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

practice meant that Defendants failed to compensate Plaintiff and Class Members for the time they spent working during missed and interrupted meal breaks, rest breaks, or both.

78. By the actions alleged above, Defendant has violated the provisions of RCW 49.46.130 by failing to pay Plaintiff and Washington Class Members one and one-half time their regular rate of pay for all weekly hours worked in excess of forty hours, including duties performed off the clock and additional compensable time for all missed, interrupted, or shortened meal and breaks in such weeks.

79. As a result of the unlawful acts of Defendants, Plaintiff and the Washington Class Members were deprived of compensation in amounts to be determined at trial, and they are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090 together with double damages (RCW 49.52.070), attorney fees, costs and disbursements (RCW 49.12.150; RCW 49.48.030), civil penalties (RCW 49.12.170), as well as pre-and post-judgment interest at the rate of 12% per annum (RCW 19.52.020).

**THIRD CAUSE OF ACTION**
**Willful Refusal to Pay Wages**
**Pursuant to RCW 49.52.050, 49.52.070**
**(On Behalf of Plaintiff and the Washington Class Against Defendant)**

80. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

81. Pursuant to the Wage Rebate Act (“WRA”), any employer or agent of any employer who “[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract” shall be guilty of a misdemeanor. RCW 49.52.050(2).

82. The WRA also provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys’ fees. RCW 49.52.070.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

83. An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and not the result of bona fide dispute as to the obligation of payment." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 849 (2002) (quoting *Chelan Cty. Deputy Sheriffs' Ass'n v. Chelan Cty.*, 109 Wn.2d 282, 300 (1987)).

84. Defendant intentionally failed to pay all wages owed to Plaintiff and the Class by implementing a policy that denied them the appropriate regular and overtime rates of pay and denied them meal and rest breaks compliant with Washington Law, as alleged herein. Defendant knew or should have known that its employment policies violated Washington law, and its failure to pay wages owed to Plaintiff and the Washington Class was "willful" under RCW 49.52.050(2).

85. As a result of the unlawful acts of Defendant, Plaintiff and the Washington Class Members are entitled to recover twice the amount of unpaid wages, as well as prejudgment interest, costs, attorneys' fees pursuant to RCW 49.52.070 and request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Periods**
**Pursuant to RCW 49.12.020 and WAC 296-126-092**
**(On Behalf of Plaintiff and the Washington Class Against Defendant)**

86. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

87. Pursuant to the Industrial Welfare Act ("IWA"): "The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect." RCW 49.12.010.

88. The IWA also provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health." RCW 49.12.020



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

89. Pursuant to RCW 49.12.005 and its implementing regulation, WAC 296-126-002, conditions of labor “means and includes the conditions of rest and meal periods” for employees.

90. WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

91. Under the IWA, Defendant has an obligation to (1) affirmatively provide employees with the rest breaks to which they are entitled; (2) affirmatively ensure that employees receive the rest breaks, completely relieved of all duties, to which they are entitled; and (3) provide an additional ten minutes of penalty pay for each missed, shortened, late, or interrupted rest break as a remedy for the loss of the statutorily mandated respite.

92. By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092 by failing to provide Plaintiff and Class Members with additional compensation for their missed, late, short, and interrupted rest breaks.

93. As a result of the unlawful acts of Defendant, Plaintiff and Class Members were deprived of compensation in amounts to be determined at trial, and Plaintiff and Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Meal Periods**
**Pursuant to RCW 49.12.020 and WAC 296-126-092**
**(On Behalf of Plaintiff and the Washington Class Against Defendant)**

94. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

95. The IWA, RCW 49.12, and its implementing regulation, WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts, prohibiting employers from requiring employees to work more than five consecutive hours without an uninterrupted 30-minute meal period.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

96. Under the IWA, Defendant has an obligation to (1) affirmatively provide employees with uninterrupted meal breaks to which they are entitled; (2) affirmatively ensure that employees receive the meal breaks, completely relieved of all duties, to which they are entitled; (3) compensate employees with thirty minutes of pay for each missed, interrupted, or shortened meal break; and (4) pay an additional thirty minutes of penalty pay for each interrupted, missed, late, or shortened, and unpaid meal break to compensate for the loss of the statutorily mandated respite.

97. By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092 by failing to provide Plaintiff and Class Members with additional compensation for their missed, interrupted, late, or shortened meal breaks.

98. As a result of the unlawful acts of Defendant, Plaintiff and Class Members were deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class and Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

**SIXTH CAUSE OF ACTION**
**Payment of Wages Less Than Entitled**
**Pursuant to RCW 49.46.090**
**(On Behalf of Plaintiff and the Washington Class Against Defendant)**

99. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

100. Under the MWA, RCW 49.46.090, employers must pay employees all wages to which they are entitled under the MWA. RCW 49.46.090. "Wage" is defined as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director." RCW 49.46.010.

101. By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

102. As a result of the unlawful acts of Defendant, Plaintiff and the Class Members were deprived of compensation in amounts to be determined at trial, and they are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of other similarly situated employees, prays for the following relief:

103. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA and Washington law;

104. An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

105. An order finding that Defendant violated the FLSA;

106. An order finding Defendant violated the FLSA willfully;

107. All unpaid wages due under the FLSA;

108. An equal amount as liquidated damages as allowed under the FLSA;

109. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

110. For an order awarding Plaintiff and Collective Members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiff and Collective Members, together with interest on these amounts, according to proof;

111. All attorneys' fees, costs, and disbursements as provided by FLSA;

112. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

113. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (818) 587-8423
Fax: (818) 265-1021

114. For all costs of suit;

115. For interest as provided by applicable law; and

116. For such other and further relief as this Court deems just and proper.

Respectfully submitted this 5th day of February, 2026.

*/s/ Devin Kathleen Epp*
Devin Kathleen Epp, WSBA #60037
*Attorneys for Plaintiff*
Lawyers *for* Justice, P.C.

*/s/ Derek Moretz*
Derek Moretz, WSBA #62935
*Attorneys for Plaintiff*
Lawyers *for* Justice, P.C.

Carolyn H. Cottrell (SBN 166977)*
Ori Edelstein (SBN 268145)*
Robert E. Morelli (Tenn. BPR No. 037004)*
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
Email: ccottrell@schneiderwallace.com
Email: oedelstein@schneiderwallace.com
Email: rmorelli@schneiderwallace.com

*Attorneys for Plaintiff and the putative Collective *Admission pro hac vice anticipated*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a 12-person jury trial.

DATED this 5th day of February, 2026.

/s/ Devin Kathleen Epp___
Devin Kathleen Epp, WSBA #60037
Attorneys for Plaintiff
*Lawyers for Justice, P.C.*

/s/Derek Moretz__________
Derek Moretz, WSBA #62935
Attorneys for Plaintiff
*Lawyers for Justice, P.C.*

Carolyn H. Cottrell (SBN 166977)*
Ori Edelstein (SBN 268145)*
Robert E. Morelli (Tenn. BPR No. 037004)*
SCHNEIDER WALLACE
COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
Email: ccottrell@schneiderwallace.com
Email: oedelstein@schneiderwallace.com
Email: rmorelli@schneiderwallace.com

** admission pro hac vice anticipated*
*Attorneys for Plaintiff and the putative Class*